IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| VANDERBILT MORTGAGE AND FINANCE, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:10-cv-00007 |
| FIRST FRANKLIN FINANCIAL CORPORATION | ) ) ) ) | |
| Defendant. | ) ) | |

## PROTECTIVE ORDER

As stipulated by the Parties and having found that a Protective Order is appropriate to preserve the confidentiality of commercially sensitive, confidential, and proprietary information that has been or will be requested and produced in discovery in this matter or otherwise revealed or obtained, and necessary to protect the integrity of this information, the rights of the parties, and the rights of others not party to this proceeding,

IT IS HEREBY ORDERED:

1. In responding to another party's discovery request:

a. each party may designate as Confidential any document, thing, or information that party believes contains trade secrets, confidential research, development, commercial or financial information or any other proprietary or confidential business information.

2. All documents, things, or information designated as Confidential or Confidential Restricted, including all copies, extracts, or summaries of and information obtained from any documents, things, or information designated as Confidential or Confidential Restricted

22069 v1

("Confidential Material"), shall be used in connection with the litigation and appeal of this litigation only. Confidential Material and Confidential Restricted Material shall not be used for any business, competitive, or other purpose, and shall not be disclosed to any other person or entity except as provided in this Order.

3. Any of the following methods shall be sufficient to designate material as confidential ("Confidential Designation"):

    a. prominently marking the material "Confidential" or "Confidential Restricted" at or before the time of its production;

    b. designating material by Bates label or some similar pagination system range as "Confidential" or "Confidential Restricted" at or before the time of its production; or

    c. designating a storage medium of material produced in electronic format as "Confidential" or "Confidential Restricted" at or before the time of its production.

Inadvertent failure to make a Confidential Designation may be corrected by supplemental written notice given as soon as practicable.

4. If a party disagrees with a Confidential Designation, that party may serve a written notice of objection to the designation upon the designating party within fifteen (15) days of receiving the material. Failure to do so will waive any contention that the Confidential Designation is improper. The objecting and designating parties shall attempt to resolve their dispute in good faith within ten (10) days of the designating party's receipt of the objection. If the parties are unable to resolve their dispute within ten (10) days, the party seeking to uphold the "Confidential" designation shall move the Court for a protective order within five (5) days. Failure to do so will void the Confidential Designation and will waive any contention that the Confidential Designation is proper. If a party moves the Court for a protective order pursuant to

this Paragraph, that party shall have the burden to show that its Confidential Designation was proper. All material bearing a Confidential Designation shall be treated as Confidential Material until the entry of an Order providing for alternative treatment.

5. Confidential Material may be made available to and inspected by the following only:

   a. The parties and their officers, employees, consultants, and agents that are assisting in the prosecution or defense of this petition;

   b. Counsel for the parties and their employees, consultants, and agents;

   c. The Court;

   d. Employees of the Court in the scope of their employment only;

   e. Court reporters designated by the parties or the Court;

   f. Expert witnesses for the parties, their employees, consultants, agents, and counsel, to the extent that such disclosure is necessary for them to prepare for this case;

   g. Any other witnesses and their counsel, to the extent that such disclosure is directly relevant to the testimony of the witness.

6. Confidential Restricted Material may be made available to and inspected by the following only:

   a. Counsel for the parties and their employees, consultants and agents;

   b. The Court;

   c. Employees of the Court in the scope of their employment only;

   d. Court reporters designated by the parties or the Court;

   e. Expert witnesses for the parties, their employees, consultants, agents and counsel, to the extent that such disclosure is necessary for them to prepare for this case;

f.  Any other witnesses and their counsel, to the extent that such disclosure is directly relevant to the testimony of the witness.

7. Disclosure of Confidential Material or Confidential Restricted Material shall be consistent with this Order. If any disclosure is sought that is inconsistent with this Order, the person seeking to disclose shall provide each other party with notice of the intended disclosure by facsimile transmission or hand-delivery ("Inconsistent Disclosure Notice"). The Inconsistent Disclosure Notice shall identify with specificity the material to be disclosed and the identity of the person to whom disclosure is sought. The Inconsistent Disclosure Notice shall be received not less than five (5) business days prior to intended disclosure, or such period as is mutually agreeable to the parties. If a party objects in writing to such disclosure at any time prior to the time of disclosure, the inconsistent disclosure shall not be made. Objections pursuant to this Paragraph shall be governed by Paragraph 4 of this Order.

8. This Protective Order shall be effective from the date it is rendered by the undersigned and shall apply and be enforceable from that date forward with respect to all discovery in this matter, including any material produced at any time after this petition commenced.

9. This Order shall not be construed as a waiver of any party's right to object to admission of the Confidential Material at any hearing. This Order shall not be construed to impair any party's right to object to any discovery request.

10. In the event that any party is served with a subpoena or other form of legal process requesting Confidential Material or Confidential Restricted Material ("Outside Request"), the party receiving an Outside Request will provide the other parties with written notice that an Outside Request was received together with a copy of the Outside Request itself.

The party receiving the Outside Request shall not produce the Confidential Material or Confidential Restricted Material for ten (10) business days after the other parties' receipt of written notice of the Outside Request, unless the other parties provide written notice that the other parties waive the protections of this Order with respect to the Outside Request, or unless production is necessary to comply with an order of the Court.

11. At the conclusion of the action, all Confidential Material and Confidential Restricted Material shall be returned to the producing party no later than thirty (30) days after the rendition of an unappealed or unappealable final order in this action. In the alternative, counsel for the parties may certify by letter that all Confidential Material and Confidential Restricted Material has been destroyed no later than thirty (30) days after the rendition of an unappealed or unappealable final order in this action.

12. In the event that any additional party is added to this litigation, each additional party shall be governed by this Order.

13. If any material as to which a party claims privilege is inadvertently produced during discovery in this proceeding, such inadvertent production shall not be a waiver of any claim of privilege by the asserting party. Upon receiving notice of the inadvertent production of a privileged document, the other parties shall immediately return to the party asserting the privilege all copies of the documents as to which a claim of privilege is asserted. This provision is without prejudice to any party's right to move or to make application to the Court for an order directing that privileged documents already in the possession of another party be returned to the party asserting the privilege and to seek to restrict the use of the documents or information contained therein. This provision shall not be deemed a waiver of the right of any party to challenge a claim of privilege.

14. No document, thing, information, or material produced in discovery may be used to contact consumers who are not parties or agents of parties to this case; provided, however, that nothing in this Order shall prohibit a party from contracting a customer based on his or its own records.

Dated: 1/28/10

*Thomas W. Phillips*
THOMAS W. PHILLIPS
UNITED STATES DISTRICT JUDGE

APPROVED FOR ENTRY:

/s/ Thomas K. Potter, III
Thomas K. Potter, III (T.A.) (TN Bar# 024857)
Katherine Knight Layhew (TN Bar# 022274)
BURR & FORMAN LLP
700 Two American Center
3102 West End Avenue
Nashville, Tennessee 37203
Telephone: (615) 724-3231
Facsimile: (615) 724-3331
E-mail: tpotter@burr.com
*Attorneys for First Franklin Financial Corporation*

/s/ Christopher E. Thorsen
Christopher E. Thorsen (TN Bar# 21049)
Bradley, Arant, Boult Cummings, LLP
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: (615) 252-2328
Facsimile: (615) 252-6328
E-mail: cthorsen@boultcummings.com
*Attorney for Vanderbilt Mortgage and Finance, Inc.*